Andrew N. Krinsky (AK 0997)
Linda S. Roth (LR 8255)
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, New York 10018
(212) 216-8000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x
KEVIN KENNEY and WILLIAM H. BROWN :
CO. Div. of OREGANI GRAPHICS, INC., :
                                    :
                    Plaintiffs,     :   Case No. 07 CIV 9832 (DAB)(RLE)
                                    :
                                    :   **AFFIDAVIT OF**
      -against-                     :   **MICHAEL MILLER**
                                    :   **IN SUPPORT OF MOTION**
COMPAS, INC., HEALHCARE FULFILLMENT :   **TO DISMISS**
SERVICES, LLC, STANLEY WOODLAND and :
MICHAEL MILLER,                     :
                                    :
                    Defendants.     :
------------------------------------------------------------ x

STATE OF NEW JERSEY    )
                       ) ss.:
COUNTY OF BURLINGTON   )

MICHAEL MILLER, being duly sworn, deposes and says:

1. I am the Managing Member of Health Fulfillment Services, LLC (incorrectly denominated herein as Healthcare Fulfillment Service, LLC) ("HFS") one of the corporate defendants in this matter. I am also the Vice President of Compas, Inc. ("Compas"), the other corporate defendant herein. In addition, I am personally named as a defendant in this action. I submit this affidavit in support of defendants' motion to dismiss the Complaint because this Court does not have personal jurisdiction over any of the named defendants as we are all citizens of New Jersey with insufficient contacts with the State of New York to support the exercise of personal jurisdiction over us in New

York. .

## **PROCEDURAL BACKGROUND**

2. On or about October 16, 2007, I received through the United States mail, a Statement of Service by Mail, a Summons and a Complaint at the Compas offices at 4300 Haddonfield Road, Suite 200, Pennsauken, New Jersey. I received second copies of the Statement of Service by Mail, the Summons and the Complaint through the United States mail at the offices of HFS, 2500 Sylon Boulevard, Hainesport, New Jersey. Copies of the Statement of Service by Mail, Summons and Complaint, which was initially filed by plaintiffs in the Supreme Court of the State of New York, County of New York, are attached as Exhibit A to the Affidavit of Stanley Woodland sworn to on December 13, 2007 and submitted herewith (the "Woodland Affidavit"). The Complaint includes purported causes of action for breach of fiduciary duty, breach of contract and misrepresentation arising out of an alleged 1998 handshake deal regarding the reprinting and distribution of published materials, namely the results of clinical drug studies, for use by pharmaceutical companies. Promptly upon receiving the Complaint, defendants removed this action to the United States District Court for the Southern District of New York. As demonstrated below and in the Woodland Affidavit, the Complaint should be dismissed because the New York courts – both state and federal – have no jurisdiction over the named defendants.

## **HFS**

3. HFS is a limited liability company organized in May 2001 in accordance with the laws of the State of New Jersey with its principal (and only) place of business, located at 2500 Sylon Boulevard, Hainesport, New Jersey. HFS, which is a fulfillment

house for the pharmaceutical industry, is not registered or qualified to do business in New York nor is it required to be registered to do business in New York as a foreign business.[1]

4.   HFS does not pay taxes in New York, employs no staff in New York and does not maintain or possess any bank accounts or any real or personal property in New York.

5.   As the Managing Member of HFS, I am familiar with all of the company's business relationships and can confidently state that HFS does not conduct business in New York. Its suppliers are not in New York. Its customers are not in New York. Its labor force is not in New York. The statement contained in paragraph 4 of the Complaint which alleges that HFS "does or transacts business in the State of New York, and/or regularly contracts to supply goods or services in the State of New York, and/or regularly does or solicits business and/or derives substantial revenue from goods used or consumed or services rendered in the State of New York" is entirely false.

6.   Most significantly, HFS did not have any contacts with plaintiffs Kevin Kenney ("Kenney") and/or William H. Brown Co. Div. of Oregani Graphics, Inc. ("WHB") in New York. Paragraph 8 of the Complaint alleges that Kenney and I had lunch in Philadelphia (not New York) in 1998. Paragraph 9 of the Complaint alleges that it was during that lunch meeting that I, acting on behalf of Compas (not HFS since HFS was not even created until three years later), allegedly entered into a handshake agreement with Kenney and WHB regarding the licensing, reprinting and distribution of

---

[1] As a fulfillment house, HFS does things like insert printed directions or warning information into products such as cold medicines, ointments and first aid products manufactured by pharmaceutical companies. HFS does not print the inserts itself but rather provides a facility and the labor force needed to place the printed materials into product packaging.

clinical studies for potential customers in the pharmaceutical business.[2] Paragraph 10 of the Complaint alleges that after the lunch meeting Kenney began implementation and development of a business plan for reprints "at Compas's New Jersey office" and goes on to allege that approximately "twice a week for months" Kenney "was physically present at Compas's office" and that WHB "made repeated trips to Compas's offices" to discuss the print and reprint business as they related to the pharmaceutical products. The Compas office referred to is in New Jersey, not New York. There are no allegations in the Complaint (nor could there be) that I or anyone else from HFS ever traveled to New York to meet with Kenney or WHB. The only contacts – according to plaintiffs' own account of events – occurred in Philadelphia and New Jersey, not New York. Accordingly, this Court lacks jurisdiction over HFS and any purported claims that plaintiffs may have against the company.

## **MILLER**

7.  This Court similarly lacks jurisdiction over me personally. I live at 6 Applewood Court, Hainesport, New Jersey. I do not own or rent a home or any other real property in New York. I do not maintain or possess any bank accounts in New York nor do I own, maintain or possess any real or personal property in New York. The second sentence of paragraph 5 of the Complaint which alleges that I individually or in my corporate capacities "do[] or transact[] business in the State of New York, and/or regularly contract[] to supply goods or services in the State of New York, and/or regularly do[] or solicit[] business and/or derive[] substantial revenue from goods used or consumed or services rendered in the State of New York is completely false.

---

[2] Miller, Compas and all of the defendants deny that they ever entered into the alleged agreement and deny that they are in any way liable to plaintiffs.

## CONCLUSION

8. HFS is a New Jersey corporation that is not qualified to do business in New York and which does not do business in New York. I am a citizen of New Jersey. I live there and I work there. Accordingly, this court lacks jurisdiction over me and/or HFS and the Complaint against us should be dismissed.

**WHEREFORE**, it is respectfully requested that defendants' motion to dismiss the Complaint be granted.

_____
Michael Miller

Sworn to before me this
15th day of December 2007
_____
Notary Public

