Andrew N. Krinsky (AK 0997)
Linda S. Roth (LR 8255)
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, New York 10018
(212) 216-8000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KEVIN KENNEY and WILLIAM H. BROWN CO. Div. of OREGANI GRAPHICS, INC.,

Plaintiffs,

-against-

COMPAS, INC., HEALHCARE FULFILLMENT SERVICES, LLC, STANLEY WOODLAND and MICHAEL MILLER,

Defendants.

Case No. 07 CIV 9832 (DAB)(RLE)

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendants*
Andrew N. Krinsky (AK 0997)
Linda S. Roth (LR 8255)
1350 Broadway
New York, New York 10018
Tel. (212) 216-8000
Fax. (212) 216-8001

# TABLE OF CONTENTS


Preliminary Statement .......... 1

Procedural History .......... 1

Statement of Facts .......... 2

A. Allegations of the Complaint .......... 2

B. Defendants Have Limited or No Ties to New York .......... 3

Argument .......... 3

POINT I

THE COMPLAINT MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION .......... 3

A. There Is No Jurisdiction Pursuant to CPLR § 301 .......... 4

B. There Is No Jurisdiction Pursuant To CPLR § 302(a)(1) .......... 5

C. There Is No Jurisdiction Pursuant to CPLR § 302(a)(3) .......... 7

D. Exercise of Jurisdiction Over Defendants Would Not Satisfy Due Process. .......... 8

Conclusion .......... 9

## TABLE OF AUTHORITIES

**Cases**

***Beacon Enterprises, Inc. v. Menzies***, 715 F. 2d 757 (2d Cir. 1983) .......... 7

***Cliffstar Corp. v. California Foods Corp.***, 254 A.D.2d 760, 677 N.Y.S. 2d 864 (4th Dep't 1998) .......... 7

***Fantis Foods v. Standard Importing Co.***, 49 N.Y.2d 317, 425 N.Y.S. 2d 783, 402 N.E. 2d 122 (1980) .......... 7

***Hatfield v. Asphalt Int'l, Inc.*** 2004 WL 287680 (S.D.N.Y. Feb 11, 2004) .......... 4, 7

***Hoffritz for Cutlery, Inc., v. Amajac, Ltd.***, 763 F. 2d 55 (2d Cir. 1985) .......... 3

***International Shoe v. Washington***, 326 U.S. 310 (1945) .......... 8

***Johnson v. Ward.*** 4 N.Y. 3d 516, 829 N.E. 2d 1201, 797 N.Y.S. 2d 33 (2005) .......... 6

***Klinghoffer v. S.N.C. Achille Lauro***, 937 F. 2d 44 (2d Cir. 1991) .......... 4

***Landoil Resources Corp. v. Alexander & Alexander Services, Inc.***, 918 F. 2d 1039 (2d Cir. 1991) .......... 4

***Laufer v. Ostrow***, 55 N.Y. 2d 305, 449 N.Y.S. 2d 456 (1982) .......... 4

***Mantello v. Hall***, 947 F. Supp. 92 (S.D.N.Y. 1996) .......... 5, 6

***McGowan v. Smith***, 52 N.Y.2d 268, 437 N.Y. 2d 643, 419 N.E. 2d 321 (1981) .......... 7

***Newbro v. Freed***, 337 F. Supp. 2d 428 (S.D.N.Y. 2004) .......... 3, 5, 6, 8

***Storch v. Vigneau***, 162 A.D. 2d 241, 556, N.Y.S. 2d 342 (1st Dep't 1990) .......... 7

***Xedit Corp. v. Harvel Indus. Corp. Fiddelpac***, 456 F. Supp. 725 (S.D.N.Y. 1978) .......... 8

**Statutes**

CPLR § 301 .......... 3, 4, 8

CPLR § 302 .......... 4, 8

CPLR § 302(a)(1) .......... 5, 6, 7

CPLR § 302(a)(3) .......... 7, 8

CPLR§ 302(a)(3)(i) .......... 7

Fed. R. Civ. P. 12(b)(2) .......... 1

## Preliminary Statement

Defendants Compas, Inc., ("Compas"), Health Fulfillment Services, LLC (incorrectly denominated herein as Healthcare Fulfillment Services, LLC)("HFS"), Stanley Woodland ("Woodland") and Michael Miller ("Miller") submit this memorandum of law in support of their motion to dismiss the Complaint herein pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction because the United States District Court for the Southern District of New York does not have personal jurisdiction over any of the defendants. As fully set forth and discussed in the Affidavit of Stanley Woodland sworn to on December 13, 2007 ("Woodland Affidavit") and the Affidavit of Michael Miller sworn to on December 13, 2007 ("Miller Affidavit") defendants are all citizens of New Jersey with insufficient contacts with New York to support jurisdiction in New York.

## Procedural History

On or about October 16, 2007, defendants received, in the regular United States mail, copies of a Statement of Service by Mail, a Summons and a Complaint at the offices of defendants Compas and HFS in New Jersey. The Complaint, which was initially filed in the Supreme Court of the State of New York, County of New York, includes purported causes of action for breach of fiduciary duty, breach of contract and misrepresentation arising out of an alleged 1998 handshake deal creating a joint venture that would reprint and distribute published materials, namely the results of clinical drug studies, for pharmaceutical companies. Shortly after receiving the Complaint, defendants timely removed this action to the United States District Court for the Southern District of New York because there is complete diversity between the parties. Plaintiffs, Kevin Kenney ("Kenney") and/or William H. Brown Co. Div. of Oregani Graphics, Inc. ("WHB"), are citizens of New York and defendants are citizens of New Jersey.

Defendants are now asking this Court to dismiss the Complaint because plaintiffs have failed to meet their burden of pleading facts sufficient to support an affirmative finding of jurisdiction.

**Statement of Facts**

**A. Allegations of the Complaint**

The Complaint summarily alleges that each defendant, "does or transacts business in the State of New York, and/or regularly contracts to supply goods or services in the State of New York, and/or regularly does or solicits business and/or derives substantial revenue from goods used or consumed or services rendered in the State of New York." (Complaint ¶¶ 3-7). The Complaint further alleges that plaintiff Kenney and defendant Miller had lunch in Philadelphia in 1998 and that during that meeting they orally entered into a joint venture agreement pursuant to which plaintiff WHB and defendant Compas would supply pharmaceutical companies with bulk reprints of clinical studies for their products for use by their sales and marketing personnel. (Cplt ¶¶ 8-9). According to the Complaint, following the lunch meeting Kenney began implementation and development of a business plan "at Compas's New Jersey office" and that approximately "twice a week for months" Kenney "was physically present at Compas's office" and that WHB "made repeated trips to Compas's offices" to discuss the print and reprint business as they related to the marketing of pharmaceutical products. (Cplt ¶10). Plaintiffs do not allege that Compas or HFS maintain an office in New York or ever sent any agent into the state of New York. Nor do plaintiffs allege that defendants performed any actions that would indicate that defendants intended to in any way avail themselves of the protections afforded by this Court or the law of New York.

### B. Defendants Have Limited or No Ties to New York

As set forth in the Woodland Affidavit and in the Miller Affidavit, defendants do not do, transact, solicit or conduct business in New York with the sole exception that Compas, from its office in New Jersey, places advertisements by phone and e-mail on behalf of clients with various media companies that are located in New York. (Woodland Aff. ¶6; Miller Aff. ¶5). Compas and HFS were formed in New Jersey, are registered to do business there and are not registered to do business in New York. (Woodland Aff. ¶3; Miller Aff. ¶3). They do not pay taxes in New York, employ staff in New York or possess any bank accounts or any real or personal property in New York. (Woodland Aff. ¶4; Miller Aff. ¶4). Woodland, the President of Compas and Miller, the Managing Member of HFS both live in New Jersey and work in New Jersey and do not travel to New York to conduct business either personally or professionally. (Woodland Aff. ¶7; Miller Aff. ¶7). Based on the Complaint and on the Affidavits, there are no facts alleged or provable that would permit this Court to exercise personal jurisdiction over the defendants.

## Argument

## POINT I

## THE COMPLAINT MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

To determine whether a federal court in a diversity action has personal jurisdiction over non-domiciliary defendants, the court must look to the forum state's general jurisdictional and/or long-arm statute. ***Newbro v. Freed***, 337 F. Supp. 2d 428, 430 (S.D.N.Y. 2004).[1] New York's general jurisdictional statute is set forth in CPLR § 301. New York's long-arm statute is set forth

---

[1] Plaintiffs bear the burden of proving jurisdiction by a preponderance of theevidence. ***See Hoffritz for Cutlery, Inc., v. Amajac, Ltd.***, 763 F. 2d 55, 57 (2d Cir. 1985).

in CPLR § 302.

A. **There Is No Jurisdiction Pursuant to CPLR § 301**

Pursuant to CPLR § 301, a foreign entity will be subject to personal jurisdiction in New York if it is "doing business" in the state. A corporation's activity rises to the level of "doing business only when it engages in such a continuous and systematic course of activity that it can be deemed present in the state of New York." ***Klinghoffer v. S.N.C. Achille Lauro***, 937 F. 2d 44, 50-51 (2d Cir. 1991)(quoting ***Laufer v. Ostrow***, 55 N.Y. 2d 305, 449 N.Y.S. 2d 456 (1982)). ***See also Landoil Resources Corp. v. Alexander & Alexander Services, Inc.***, 918 F. 2d 1039, 1043 (2d Cir. 1991); ***Hatfield v. Asphalt Int'l, Inc***. 2004 WL 287680 (S.D.N.Y. Feb 11, 2004)(Batts, D.C.J.). The test is fact-sensitive and pragmatic and to reach a determination about whether a foreign defendant is "doing business" in New York, courts focus on, "the existence of an office in New York, the solicitation of business in New York, the presence of bank accounts or other property in New York and the presence of employees or agents in New York. " ***Landoil***, 918 F. 2d at 1043.

Based on the foregoing standard, none of the defendants herein is "present" in New York. While the Complaint includes *pro forma* allegations that each of the defendants does business in New York, there are no specific allegations whatsoever that support such a conclusion. As set forth in their respective Affidavits, Woodland and Miller live and work in New Jersey. Similarly, Compas and HFS were created pursuant to New Jersey law, are not registered to do business in New York and are physically located only in New Jersey. They have no property, work force or even clients in New York. The only defendant that has even limited contact with New York is Compas, a media buyer, which places advertisements with the New York media on behalf of its pharmaceutical clients – none of whom are located in New York. This type of

contact, which is dictated not by Compas but instead by its pharmaceutical company clients and their desire to advertise in New York, is not enough to support a finding that Compas is "doing business" in New York and should therefore be subject to jurisdiction in New York.

**B. There Is No Jurisdiction Pursuant To CPLR § 302(a)(1)**

Plaintiffs are also unable to establish jurisdiction over defendants pursuant to New York's long-arm statute which provides in relevant part:

> (a) Acts which are the basis of jurisdiction. ***As to a cause of action arising from any of the acts enumerated in this section***, a court may exercise personal jurisdiction over any non-domiciliary, ... who in person or through an agent:
>
> (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> * * *
>
> (3) commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state

[Emphasis added.] Thus, before this Court can exert personal jurisdiction over Compas, HFS, Woodland and/or Miller based on CPLR § 302(a)(1), two conditions must be met. First, it must be found that the defendants transact business in New York. Second, the claims asserted by Kenney and WHB against defendants must arise out of that business activity. ***Mantello v. Hall***, 947 F. Supp. 92, 99 (S.D.N.Y. 1996); ***see also, Newbro v. Freed***, 337 F. Supp. 2d 428, 431 (S.D.N.Y. 2004).

To "transact business" in New York, a non-domiciliary must "purposefully avail itself of

the privilege of conducting activities within New York, thus invoking the benefits and protections of its laws." ***Mantello***, 947 F. Supp. at 99. When examining whether a defendant transacts business in New York, courts are required to consider the totality of the circumstances and look at several factors including where the contract was negotiated and whether the parties had an ongoing contractual relationship. ***Id.***

Merely transacting business in New York, however, is not enough to create jurisdiction. Under CPLR § 302(a)(1) there also needs to be an "articulable nexus between the transacted business and the cause of action on which suit is brought." ***Newbro***, 337 F. Supp. 2d at 431. Jurisdiction is not justified where the relationship between the claim and transaction is too attenuated. ***Johnson v. Ward***. 4 N.Y. 3d 516, 520, 829 N.E. 2d 1201, 797 N.Y.S. 2d 33 (2005).

In the present action, it is plain that none of the defendants transacted business with plaintiffs in New York ***regarding the events that form the basis of the Complaint.*** As previously stated, Woodland and Miller live in New Jersey and work for Compas and HFS in New Jersey. Compas and HFS were created in accordance with the laws of New Jersey, are registered to do business there and are not registered as foreign entities for the purpose of doing business in New York. Compas and HFS have offices solely in New Jersey and their employees are located solely in New Jersey. In addition, apart from an initial lunch meeting between plaintiff Kenney and defendant Miller that, according to the Complaint, took place in Philadelphia, all of the purported contacts that plaintiffs allege they had with defendants regarding the supposed joint venture that is the subject of this action, occurred at the Compas office located in New Jersey. Plaintiffs have not alleged that defendants individually or collectively did even a single thing in New York that could justify the exercise of jurisdiction by a New York court based on CPLR § 302(a)(1).

Moreover, the mere fact that Compas places advertisements for its clients with media companies located in New York is not enough to confer jurisdiction pursuant to CPLR §302(a)(1) because that business activity is separate and distinct from the joint venture activities which allegedly give rise to plaintiffs claims herein. ***See Beacon Enterprises, Inc. v. Menzies***, 715 F. 2d 757, 764 (2d Cir. 1983); ***Hatfield v. Asphalt Int'l., Inc.***, 2004 WL 287680 * 3 (S.D.N.Y. Feb 11, 2004)(Batts, J.); ***McGowan v. Smith***, 52 N.Y.2d 268 , 272, 437 N.Y. 2d 643, 419 N.E. 2d 321 (1981).

**C. There Is No Jurisdiction Pursuant to CPLR § 302(a)(3)**

Plaintiffs are similarly unable to establish jurisdiction over defendants pursuant to CPLR§ 302(a)(3)(i) which requires a showing that defendants: (i) committed a tortious act outside of New York which caused an injury in New York; and (ii) regularly do or solicit business in New York or derive revenue from business conducted in New York. Here, even if defendants committed a tortious act outside of New York – which defendants of course deny – that purported conduct did not result in a New York injury that will support a finding of jurisdiction.[2] The $50,000,000 financial loss that Kenney and/or WHB allege they sustained or may have sustained as a result of defendants' conduct is not, as a matter of law, a sufficient predicate for jurisdiction under CPLR § 302(a)(3). ***Fantis Foods v. Standard Importing Co.***, 49 N.Y.2d 317, 326-27, 425 N.Y.S. 2d 783, 402 N.E. 2d 122 (1980); ***Cliffstar Corp. v. California Foods Corp.***, 254 A.D. 2d 760, 677 N.Y.S. 2d 864 (4th Dep't 1998). As the court found in ***Storch v. Vigneau***, 162 A.D. 2d 241, 242, 556, N.Y.S. 2d 342 (1st Dep't 1990), "an injury does

2 The only possible allegations in the Complaint that might be considered tortious conduct relate to the misrepresentations that Miller purportedly made on behalf of Compas regarding the company's intention to proceed with the supposed joint venture. There are no allegations of tortious conduct at all against Woodland individually, Miller individually or HFS that could support a claim of jurisdiction against those defendants based on CPLR 302(a)(3)(i).

not occur in New York within the meaning of CPLR § 302(a)(3) merely because a plaintiff is domiciled in New York and suffers a loss of income here." ***See also, Xedit Corp. v. Harvel Indus. Corp. Fiddelpac***, 456 F. Supp. 725, 728 (S.D.N.Y. 1978).

Plaintiffs are also unable to establish jurisdiction pursuant to CPLR § 302(a)(3) because they cannot demonstrate that defendants regularly do or solicit business, or engage in any other persistent course of conduct or derive substantial revenue from goods used or consumed or services rendered in New York. As already detailed above, defendants do not conduct business in New York – they conduct business in New Jersey where Compas and HFS are solely located.

**D. Exercise of Jurisdiction Over Defendants Would Not Satisfy Due Process.**

In addition to satisfying the requirements of CPLR § 301 or 302 – which plaintiffs have not done – this Court cannot exercise jurisdiction over defendants unless doing so satisfies due process requirements. Due process "requires that a defendant have enough minimum contacts with the forum state so that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ***International Shoe v. Washington***, 326 U.S. 310, 316 (1945). Due process is satisfied if the defendant "purposely and sufficiently availed itself of the privileges of conducting business" in the New York, so that it would be reasonable to anticipate being subject to suit in New York. ***Newbro v. Freed***, 337 F. Supp. 2d 428, 431 (S.D.N.Y. 2004).

None of the defendants in this action in any way availed themselves of the privileges of doing business in New York. All of the defendants are residents and citizens of New Jersey. The Complaint only references meetings in Philadelphia and New Jersey and never mentions any business dealings whatsoever in New York. Even accepting plaintiffs' allegations as true for purposes of this motion, there is no way that exercising jurisdiction over defendants in New York would satisfy due process or the notion of fair play and substantial justice. This is true even with

respect to Compas whose only New York contacts are that it sometimes places advertisements with New York media for its clients. Such a ministerial act cannot, by itself, be sufficient to subject Compas to the jurisdiction of New York courts.

**Conclusion**

For all of the foregoing reasons, defendants' motion should be granted and the Complaint should be dismissed.

Dated: New York, New York
December 14, 2007

Respectfully submitted,

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendants*

By: ______________________
Andrew N. Krinsky (AK 0997)
Linda S. Roth (LR 8255)
1350 Broadway
New York, New York 10018
Tel. (212) 216-8000
Fax. (212) 216-8001

Of Counsel:

Steven Kudatzky, Esq.
**STEVEN KUDATZKY CHARTERED**
600 Sagemore Drive, Suite 6301
Marlton, New Jersey 08053
Tel. (856) 988-3131
Fax. (856) 988-0194